IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOHNNY M. JENNINGS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:13-CV-8-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties have filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Plaintiff applied for supplemental security income (SSI) and Social Security disability insurance benefits (SSD) on October 8, 2008, alleging disability as of March 25, 2008, due to a heart blockage, arthritis in his knees, low back pain, pain and loss of sensation in his hands and feet, sleep disorders, and chronic headache. (Tr. 161; ECF No. 10.) Plaintiff's application was denied, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The Plaintiff appeared before the ALJ on May 23, 2011, and following the hearing, the ALJ issued an unfavorable decision on August 15, 2011. (Tr. 23-30.) The Appeals Council ultimately denied Plaintiff's Request for Review on January 7, 2013. (Tr. 1-3.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 23.) The ALJ found that Plaintiff had degenerative disc disease, obesity, carpal tunnel syndrome, diabetes, and high blood pressure which were determined to be severe. (*Id.*) The ALJ then determined that Plaintiff's severe impairments did not meet or medically equal, either individually or in any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

The ALJ next found that Plaintiff had the residual functional capacity (RFC) to perform sedentary work except that he is limited to no more than occasional climbing of ramps and stairs and no climbing of ladders nor exposure to heights. Restrictions further included no crouching, bending, or crawling and included an option for Plaintiff to

alternate his posture between sitting and standing.  (Tr. 23.)  The ALJ then determined that Plaintiff is unable to perform his past relevant work as an industrial painter, construction laborer, and warehouse material handler.  (Tr. 28.)  The ALJ noted that Plaintiff was forty-six at the time his application was filed, which is considered to be a younger individual.  (*Id.*)  The ALJ then found that Plaintiff had a limited education and could communicate in English.  (*Id.*)  Considering his age, education, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform.  (Tr. 28-30*.*)  Therefore, the ALJ found Plaintiff to not be disabled from work and not entitled to SSI benefits.  (Tr. 30.)

## ISSUES

I. **Whether the ALJ erred in determining that Plaintiff's alleged migraine headaches were not a severe impairment.**

II. **Whether the ALJ erred when considering Plaintiff's allegations of disabling back pain.**

III. **Whether the ALJ erred in discrediting Plaintiff's testimony regarding pain based on his failure to obtain treatment.**

## DISCUSSION

I. **Did the ALJ properly determine that Plaintiff's alleged migraine headaches were not a severe impairment?**

In her first enumeration of error, Plaintiff contends that the ALJ erred in not finding his headaches to be a severe impairment. (Pl.'s Br. 3; ECF No. 13.)  The Regulations, at SSR 96-3p, state that an impairment is severe if it has more than a minimal effect on a claimant's ability to do basic work activities.  "The burden is on the

claimant to provide evidence of the effect of the impairment on her ability to work." *Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005).

In this case, the ALJ found that Plaintiff's headaches were not severe because Plaintiff had failed to meet his burden and said plainly that both MRI and CT scans found no abnormalities to support his testimony as to the persistence and intensity of the headaches (Tr. 27, 317). Plaintiff's neurologist ruled out infectious disease and lead poisoning as causes for the headaches (Tr. 316, 401; Ex. 5F & 6F) and recommended the discontinuance of narcotic pain medications (Tr. 401). Further, since several severe impairments were found to exist and the ALJ explained clearly in his decision his reasons for not finding the headaches to be severe, no error occurred at Step Two and Plaintiff's first asserted error is without merit. *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011).

**II.     Did the ALJ err in considering Plaintiff's allegations of disabling back pain?**

In Plaintiff's second enumeration of error, Plaintiff argues that the ALJ improperly discredited his pain allegations. The ALJ found degenerative disc disease as a severe impairment. (Tr. 23.) Specifically, the ALJ stated that Plaintiff has both lumbar and cervical spondylosis without myelopathy and intervertebral disc disorder with myelopathy. (Tr. 26.) Plaintiff asserts in his brief that eight discs are herniated. (Pl.'s Br. 5.) The ALJ noted that MRI results showed narrowing of several disc spaces in the lumbar and cervical spine. (Tr. 26.) Therefore, the record establishes that the Plaintiff has a medically determinable condition in his back resulting from degenerative disc disease or herniation or both which could cause the pain of which he complains.

The issue presented here is whether the ALJ adequately addressed the intensity and persistence of the pain in finding that it was not disabling. The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must first show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 404.1529(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

A review of the ALJ's decision shows that he reviewed the medical evidence of record to find that Plaintiff sought no more than conservative treatment for back pain and declined to follow a recommended course of treatment.  The ALJ further accorded "some weight" to the opinion of Stephen A. Schacher, M.D. who conducted a consultative physical examination on June 23, 2011 (Ex. 33F) and found only a minimally restricted range of motion.  (Tr. 27.)  Another consultative physical examination conducted by Nilanee A. Karikaran, M.D. showed normal range of neck motion and postural ability consistent with the RFC assessment.  (Tr. 27-28.)  In partially discrediting Plaintiff's pain allegations, the ALJ expressly gave weight to these opinions, in addition to considering the Plaintiff's choice to follow only a conservative course of treatment.  (Tr. 26.)  Thus, the ALJ properly applied the pain standard and adequately explained the process by which he did so.  A review of the record as a whole shows that substantial evidence supports the ALJ's findings and Plaintiff's second error lacks merit. *Dyer*, 395 F.3d at 1211; s*ee also Weekley v. Comm'r of Soc. Sec.*, 486 F. App'x 806, 809 (11th Cir. 2013).

## III. Did the ALJ err in discrediting Plaintiff's testimony regarding pain based on his failure to obtain treatment?

In the third asserted error, Plaintiff contends the ALJ's decision assessing his pain limitations is based on his following a conservative course of treatment but that he could not afford the recommended facet injections which are invasive in nature. The record on this point is limited to Plaintiff's testimony at the hearing. It is as follows:

> Q. (by the ALJ). And who do you see for pain management?
> A. I see, I was going to a pain management clinic here in Athens, right down the Street.  But I go to Medlink Clinic in Colbert since I wasn't able, able to afford up here.  It's a little bit cheaper, a lot cheaper.

> Q. So you are still going to pain management?
> A. I'm going to Medlink in Colbert, Dr. Hart.
> Q. OK. So that's the only treatment you're getting is at Medlink? So they're prescribing all your pain meds?
> A. Yes ma'am. Right now.

(Tr. 44.) Plaintiff does not say that he cannot afford to follow the recommended course of treatment to obtain facet injections. He was represented by counsel at the hearing and counsel did not seek to establish in the record that Plaintiff could not afford the injections. He simply found the pain clinic in Athens too expensive and chose a cheaper provider of the same conservative treatment option, prescription medication.

Also, the ALJ based his decision on more evidence than just Plaintiff's failure to obtain facet injections. He noted only minimal restrictions in range of motions in the back in June 2011 (Tr. 27, 826) and normal neck range of movement in July 2011 (Tr. 27, 843). The record does not establish that the ALJ relied solely on Plaintiff's failure to follow a prescribed course of treatment in discrediting his pain complaints. Also, to the extent that some pain is present in Plaintiff's neck and back, the ALJ accounted for it in a limitation to sedentary work with added postural limitations. Therefore, Plaintiff's third asserted error is without merit.

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the Commissioner's decision in this case be affirmed.

SO ORDERED, this 26th day of November, 2013.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE